IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLIGENT MEDICAL OBJECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACE RECORDING AND MEASUREMENT SYSTEMS, LTD., and IMOSPHERE HOLDINGS LIMITED, <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, Intelligent Medical Objects, Inc. ("IMO"), by its attorneys, brings this Complaint against Defendants, Face Recording and Measurement Systems, Ltd., and Imosphere Holdings Limited ("Defendants" or "Imosphere"), for injunctive relief, damages, and attorney's fees. Plaintiff alleges as follows:

## NATURE OF ACTION

IMO brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its IMO trademark, which IMO has used since 1997. Without IMO's authorization or consent, and with full and complete knowledge of IMO's prior rights in its IMO trademarks, Imosphere commenced registration and use of a series of "IMO" trademarks and domain names in connection with similar goods and services. Imosphere has created circumstances whereby members of the public are likely to be led to believe incorrectly that Imosphere and its goods and services are authorized by, sponsored by or affiliated with IMO and its well-known IMO trademarks.

1

## PARTIES

1. Plaintiff IMO is a Delaware corporation with its principal place of business at 60 Revere Drive, Suite 400, Northbrook, Illinois 60062.

2. Imosphere Holdings Limited ("IHL") is an Irish limited liability corporation located at Rossbrin, Schull, Co. Cork, Ireland.

3. Face Recording and Measurement Systems Ltd. ("FRMS") is a United Kingdom Corporation located at The Gables Bishop Meadow Road, Loughborough Leicestershire LE115RE, United Kingdom.

4. On information and belief, IHL and FRMS are related companies under common control.

5. Defendants operate in the United States at 8 West Monroe Street, #2100, Chicago, Illinois, 60603.

## JURISDICTION AND VENUE

6. This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), unfair competition and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), cancellation of a federally registered trademark under Section 37 of the Lanham Act (15 U.S.C. § 1119), cybersquatting in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), and trademark infringement and unfair competition under Illinois common law.

7. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

8.  Venue is proper pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

9.  Founded in 1994, IMO specializes in developing, managing and licensing medical vocabularies for medical record systems. IMO's clinical interface terminology helps map diagnostic terminologies to medical concepts and billing codes. IMO's medical vocabularies are regularly updated to maintain current mappings to standardized vocabularies and codes. IMO's product suite provides one of the most complete sets of mappings of medical vocabularies in the world. As a result, IMO's products have been licensed by and incorporated into many of the leading medical record systems in the United States.

10. Since 1997, long prior to the acts of Defendants complained of herein, IMO has engaged in offering computer software for use in the healthcare industry and related computer software design services nationwide under the IMO name and trademark (the "IMO Marks").

11. IMO owns the following valid and subsisting trademark registrations on the Principal Register of the United States Patent and Trademark Office ("PTO"), which provide constructive notice of IMO's ownership thereof, 15 U.S.C. § 1072, and which IMO uses throughout the United States in connection with healthcare software and services:

| MARK | REG. NO. | REG. DATE | GOODS AND SERVICES |
|---|---|---|---|
| IMO | 2453920 | May 22, 2001 | IC 09: computer software for managing medical treatment for patients and in maintaining medical records; and interactive electronic publications, namely, electronically-enhanced text books featuring information on disease and medical education recorded on CD-ROMs<br><br>IC 42: computer consulting and software design services in the fields of medical education, medical treatment and medical record management |

3

| MARK | REG. NO. | REG. DATE | GOODS AND SERVICES |
|---|---|---|---|
| IMO (logo) | 4310653 | March 26, 2013 | IC 09: computer servers |
| IMO (logo) | 4310654 | March 26, 2013 | IC 09: computer servers |
| IMO ANYWHERE | 4593802 | March 11, 2014 | IC 09: computer hardware and software for use in maintaining electronic medical records and managing medical treatment for patients<br><br>IC 42: computer consulting and software design services in the fields of medical education, medical treatment and medical record management |

12. Registration No. 2,453,920 is incontestable in accordance with 15 U.S.C. § 1065, and is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce" in accordance with 15 U.S.C. § 1115(b).

13. IMO's has a family of common law IMO Marks, including IMO Vocabulary Portal, IMO Problem IT, IMO Terminology, IMO Medical Necessity, IMO Procedure IT, IMO PlugITIn, and IMO Medication IT.

14. IMO registered the <e-imo.com> domain name on March 21, 2000, long prior to Defendants' use of "Imo" trademarks and Defendants' domain name registrations discussed below. Since that time, IMO has registered dozens of domain names incorporating its IMO

4

Marks, including <imo-online.digital>, <imo-solutions.digital>, <imo-terminology.digital>, <imo-online.global>, <imo-solutions.global>, <imo-terminology.global>, <imo-online.healthcare>, <imo-solutions.healthcare>, <imo-terminology.healthcare>, <imo-online.software>, <imo-solutions.software>, <imo-terminology.software>, <imo-online.technology>, <imo-solutions.technology>, and <imo-terminology.technology>.

15. IMO has sold millions of dollars worth of software and services, and has spent substantial sums in advertising its products and services under the IMO Mark.

16. As a result of such extensive sales and advertising, the IMO Mark has become well known in the United States, and represents extraordinarily valuable goodwill to IMO.

<u>Defendant's Infringing Activities</u>

17. On information and belief, Imosphere was founded in 2012 and has since developed computer software for the medical and healthcare fields in the United Kingdom and United States.

18. In November 2011, FRMS filed its application to register the mark IMOSPHERE (Reg. No. 4,511,181) with the PTO for the following goods and services:

"computer software for use in data capture, management and analysis in the field of healthcare, education, and other areas of activity where the accurate recording and analysis of personal data and of the interactions between people and an organization constitute a core business requirement, namely, human resource management, customer relationship management, and aspects of defense, intelligence and criminal justice services; computer programs for use in data capture and for recording and measuring data; computer hardware for use in data capture and for recording and measuring data; computer programming services; customization of computer programs; interpretation of

> data, namely, data capture services that enable the exchange of personal information via the internet in the fields of healthcare, education, customer support and personnel services."

Defendant identified the first use in commerce of the IMOSPHERE mark as February 2012, and the name received federal registration on April 8, 2014.

19. On February 6, 2014, IHL filed its application to register the mark IMOLYTICS (Reg. No. 4,730,081) with the PTO for the following goods and services:

> "computer software for use in database management in the field of healthcare; computer application software for personal computers and servers, namely, software for use in database management and the electronic storage of data; database management software for healthcare databases; downloadable electronic databases recorded on computer media in the field of healthcare; downloadable electronic publications, namely, manuals featuring instructions for database management; electronic publications, namely, manuals, downloadable from databases and the Internet featuring instructions for database management; downloadable manuals in the field of healthcare database management; instructional manuals in electronic format in the field of healthcare databases recorded on computer media; business management; business administration; providing office functions; business management consultancy; collating of data in computer databases; compilation of information and data in computer databases; compilation and systematization of information and data into computer databases; analysis of business data; data processing; information, consultancy and advisory services relating to the aforesaid services; education services, namely, providing classes, seminars and workshops in the field of healthcare databases; providing of training in the field of

6

healthcare databases; instruction services in the field of healthcare databases; publication of training manuals; arranging and conducting conferences, events, seminars and workshops for educational and training purposes in the field of healthcare databases management; information, consultancy and advisory services relating to the aforesaid services; scientific and technological services, namely, research and design in the field of computer datacenter architecture; design and development of computer software; computer software design; computer programming; computer software consultancy; design and development of computer software for database management; design and hosting of computer databases; medical and scientific research information in the healthcare field from an on-line searchable database; computer system analysis; computer system design; computer software consulting; advisory services in the field of product development and quality improvement of software; technical support services, namely, troubleshooting of computer software problems; installation, maintenance, repair and upgrading of computer software; updating of computer software; software as a service SaaS services featuring software for use in database management; providing temporary use of non-downloadable software for use in database management; providing temporary use of non-downloadable web-based software for use in database management; providing temporary use of non-downloadable web-based applications for use in database management; hosting computer databases for healthcare data; information technology IT consulting services in the field of healthcare data management; computer project management in the field of healthcare data management; technical research in the field of database management; information, consulting and advisory services relating to the aforesaid services."

The IMOLYTICS mark obtained federal registration on May 5, 2015.

20. On February 6, 2014, IHL filed its application to register the mark IMOFORMS (Ser. No. 86/186,414) with the PTO, which is currently pending registration, for the following goods and services:

"computer software for use in database management in the field of healthcare; computer application software for personal computers and servers, namely, software for use in database management and the electronic storage of data; database management software for healthcare databases; downloadable electronic databases recorded on computer media in the field of healthcare; downloadable electronic publications, namely, manuals featuring instructions for database management; electronic publications, namely, manuals, downloadable from databases and the Internet featuring instructions for database management; downloadable manuals in the field of healthcare database management; instructional manuals in electronic format in the field of healthcare databases recorded on computer media; business management; business administration; providing office functions; business management consultancy; collating of data in computer databases; compilation of information and data in computer databases; compilation and systematization of information and data into computer databases; analysis of business data; data processing; information, consultancy and advisory services relating to the aforesaid services; education services, namely, providing classes, seminars and workshops in the field of healthcare databases; providing of training in the field of healthcare databases; instruction services in the field of healthcare databases; publication of training manuals; arranging and conducting conferences, events, seminars and workshops for educational and training purposes in the field of healthcare databases

management; information, consultancy and advisory services relating to the aforesaid services; scientific and technological services, namely, research and design in the field of computer datacenter architecture; design and development of computer software; computer software design; computer programming; computer software consultancy; design and development of computer software for database management; design and hosting of computer databases; medical and scientific research information in the healthcare field from an on-line searchable database; computer system analysis; computer system design; computer software consulting; advisory services in the field of product development and quality improvement of software; technical support services, namely, troubleshooting of computer software problems; installation, maintenance, repair and upgrading of computer software; updating of computer software; software as a service SaaS services featuring software for use in database management; providing temporary use of non-downloadable software for use in database management; providing temporary use of non-downloadable web-based software for use in database management; providing temporary use of non-downloadable web-based applications for use in database management; hosting computer databases for healthcare data; information technology IT consulting services in the field of healthcare data management; computer project management in the field of healthcare data management; technical research in the field of database management; information, consulting and advisory services relating to the aforesaid services."

The IMOFORMS mark is pending registration.

21. Defendants operate a website at the domain name <imosphere.com>, where it advertises the IMOSPHERE and IMOLYTICS marks. At this website, Defendants also make

9

use of the name "Imofacts" in connection with its healthcare software and services.

22. At the <imosphere.com> website, Defendants identify its "Leadership," including Paul Clifford, Co-Founder and CEO.

23. Imosphere, through its representative Paul Clifford, registered numerous domain names incorporating the phrase "IMO" (the "Infringing Domain Names"):

| Domain Name | Registration Date | Registrant Information |
| --- | --- | --- |
| imohealth.co.uk | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imohealth.com | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imohealth.eu | Feb. 2, 2015 | Email: webadminmail@face.eu.com |
| imohealth.net | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imohealth.org | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imohealth.uk | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imobiz.co | Feb. 2, 2015 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |

| Domain Name | Registration Date | Registrant Information |
|---|---|---|
| imobiz.mobi | Nov. 5, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imobiz.org | Nov. 5, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imocirrus.com | Nov. 5, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imocumulus.com | Apr. 1, 2013 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imodata.co | May 4, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imodoc.com | Jun. 6, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imonimbus.com | Mar. 23, 2013 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imosketeers.com | Nov. 3, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imosphere.biz | Oct. 9, 2010 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |

| Domain Name | Registration Date | Registrant Information |
| --- | --- | --- |
| imosphere.com | Oct. 9, 2010 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imosphere.info | Oct. 9, 2010 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imosphere.mobi | Oct. 9, 2010 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imosphere.org | Oct. 9, 2010 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imostratus.com | Mar. 9, 2013 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |
| imotrack.com | Dec. 19, 2012 | Paul Clifford<br>6 Dalmore Road<br>London, SE21 8HB, Great Britain<br>Phone: +44.2084886218<br>Email: webadminmail@face.eu.com |

24. Defendants' trademark and domain name uses all have one thing in common: "IMO."

25. Defendants through their trademark applications and domain name registrations are attempting to create a family of "IMO" marks.

26. Defendants' trademarks IMOSPHERE, IMOLYTICS, and IMOFORMS (the "Infringing Marks") are confusingly similar to the IMO Marks because they incorporate the IMO Mark in its entirety, and are used in connection with similar goods and services.

27. The Infringing Domain Names are confusingly similar to the IMO Marks because they each incorporate the IMO Mark in its entirety.

28. Defendants' use of the IMO Marks in connection with the Infringing Domain Names and rendering of similar goods and services is likely to cause confusion and deception as to the source, sponsorship, affiliation or endorsement with IMO and its IMO Mark.

29. Defendants' activities are without the consent of IMO.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

30. IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 29.

31. Defendants had constructive knowledge and actual knowledge of IMO's ownership of rights in its federally registered IMO Marks prior to its unauthorized use of the Infringing Marks, which are confusingly similar to IMO's Marks pursuant to 15 U.S.C. § 1072.

32. IMO has not consented or authorized Defendants' use of the Infringing Marks.

33. Defendants' use of the Infringing Marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with IMO in violation of 15 U.S.C. §§ 1114 and 1125.

34. Defendants' use of the IMO Marks constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)).

35. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

36. As a result of Defendants' aforesaid conduct, IMO has suffered substantial damage and irreparable harm constituting an injury for which IMO has no adequate remedy at

law. IMO will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

37. IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 36.

38. Defendants have deliberately and willfully used the IMO Marks in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by IMO in connection with it sale, marketing and promotion of computer software and related services in the healthcare and medical fields, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and services.

39. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive IMO of the ability to control the consumer perception of its goods marketed under it IMO Marks, placing the valuable reputation and goodwill of IMO in the hands of Defendants, over whom IMO has no control.

40. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with IMO, and as to the origin, sponsorship or approval of Defendants and its goods and services, and constitutes unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

41. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

42. As a result of Defendants' aforesaid conduct, IMO has suffered substantial damage and irreparable harm constituting an injury for which IMO has no adequate remedy at

law. IMO will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT III
## CANCELLATION OF TRADEMARK REGISTRATION NO. 4,511,181
## (15 U.S.C. § 1119)

43. IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 42.

44. Defendants' Registration No. 4,511,181 consists of a mark which so resembles a mark registered or used by IMO as to be likely, when used on or in connection with Defendants' goods or services, to cause confusion, mistake, or deception.

45. The continued existence of Defendants' Registration No. 4,511,181 is damaging or will damage IMO.

46. Defendants' Registration No. 4,511,181 has caused IMO irreparable injury and will continue to do so unless this Court orders cancellation of that registration.

## COUNT IV
## CANCELLATION OF TRADEMARK REGISTRATION NO. 4,730,081
## (15 U.S.C. § 1119)

47. IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 46.

48. Defendants' Registration No. 4,730,081 consists of a mark which so resembles a mark registered or used by IMO as to be likely, when used on or in connection with Defendants' goods or services, to cause confusion, mistake, or deception.

49. The continued existence of Defendants' Registration No. 4,730,081 is damaging or will damage IMO.

50. Defendants' Registration No. 4,730,081 has caused IMO irreparable injury and

will continue to do so unless this Court orders cancellation of that registration.

## COUNT V
## CYBERSQUATTING
## (15 U.S.C. § 1125(d))

51. IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 50.

52. IMO's IMO Marks were well-known and distinctive before Defendants' registration of the Infringing Domain Names.

53. Defendants have used the Infringing Domain Names with a bad faith intent to profit from IMO's IMO mark, pursuant to 15 U.S.C. § 1125(d).

54. Defendants have registered, trafficked in and used the Infringing Domain Names, which are confusingly similar to and/or dilutive of the IMO Marks, specifically: <imohealth.co.uk>, <imohealth.com>, <imohealth.eu>, <imohealth.net>, <imohealth.org>, <imohealth.uk>, <imobiz.co>, <imobiz.mobi>, <imobiz.org>, <imocirrus.com>, <imocumulus.com> <imodata.co>, <imodoc.com>, <imonimbus.com>, <imosketeers.com>, <imosphere.biz>, <imosphere.com>, <imosphere.info>, <imosphere.mobi>, <imosphere.org>, <imostratus.com>, and <imotrack.com>.

55. Defendants' use of the Infringing Domain Names is likely to cause confusion among consumers by diverting Internet traffic to the Infringing Domain Names.

56. Defendants' use of the Infringing Domain Names prevents IMO from reflecting its IMO Mark in several domains.

57. Defendants' actions justify an award of statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

## COUNT VI
## TRADEMARK INFRINGEMENT
### (Violation of Illinois Common Law)

58. IMO re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 57.

59. Defendants had constructive knowledge and actual knowledge of IMO's ownership of rights in its federally registered IMO Marks prior to its unauthorized use of the Infringing Marks, which are confusingly similar to IMO's Marks.

60. IMO has not consented or authorized Defendants' use of the Infringing Marks.

61. Defendants' use of the Infringing Marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with IMO in constitute trademark infringement in violation of Illinois Common Law.

62. As a result of Defendants aforesaid conduct, IMO has suffered substantial damage and irreparable harm constituting an injury for which IMO has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, IMO will continue to suffer irreparable harm.

## COUNT VII
## UNFAIR COMPETITION
### (Violation of Illinois Common Law)

63. IMO re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 62.

64. Defendants have deliberately and willfully used the IMO Marks in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by IMO in connection with its sale, marketing and promotion of computer software and related services in the healthcare and medical fields, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and services.

65. Defendants unauthorized and tortious conduct has also deprived and will continue to deprive IMO of the ability to control the consumer perception of its goods marketed under it IMO Marks, placing the valuable reputation and goodwill of IMO in the hands of Defendants, over whom IMO has no control.

66. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with IMO, and as to the origin, sponsorship or approval of Defendants and its goods and services, and constitutes unfair competition and false designation of origin in violation of Illinois Common Law.

## **PRAYER FOR RELIEF**

WHEREFORE, IMO requests that the Court enter judgment for the following relief:

1. Enjoining and restraining Defendants, its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from:

   (a) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the term "IMO" or any other term confusingly similar to IMO's IMO Marks; or

   (b) doing any other act or thing that is likely to cause confusion, mistake or deception among consumers or others as to the relationship of Defendants and its goods and services with IMO and its goods and services;

2. Ordering Defendants to account to IMO for any and all profits derived from Defendants' unauthorized and infringing use of the mark "IMO" and related marks, the

Infringing Domain Names, or any other form or variation of IMO's IMO Marks;

3. Ordering the transfer of Defendants' domain names <imohealth.co.uk>, <imohealth.com>, <imohealth.eu>, <imohealth.net>, <imohealth.org>, <imohealth.uk>, <imobiz.co>, <imobiz.mobi>, <imobiz.org>, <imocirrus.com>, <imocumulus.com> <imodata.co>, <imodoc.com>, <imonimbus.com>, <imosketeers.com>, <imosphere.biz>, <imosphere.com>, <imosphere.info>, <imosphere.mobi>, <imosphere.org>, <imostratus.com>, and <imotrack.com> as provided in 15 U.S.C. § 1125(d)(1)(C);

4. Issuing a certified Order to the Director of the U.S. Patent and Trademark Office, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon the records of the Patent and Trademark Office a cancellation of Defendants' IMOSPHERE registration, Registration No. 4,511,181;

5. Issuing a certified Order to the Director of the U.S. Patent and Trademark Office, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon the records of the Patent and Trademark Office a cancellation of Defendants' IMOLYTICS registration, Registration No. 4,730,081;

6. Awarding IMO a money judgment for Defendants' profits and IMO's damages pursuant to 15 U.S.C. § 1117;

7. Ordering Defendants to pay statutory damages in the amount of $100,000.00 per Infringing Domain Name, pursuant to 15 U.S.C. § 1117(d);

8. Treble the award to IMO under 15 U.S.C. § 1117 on account of Defendants' willful, intentional and bad faith conduct;

9. Awarding IMO its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117 in view of Defendants' willful, intentional and bad faith conduct, and as otherwise provided

by law;

10. Awarding IMO pre-judgment and post-judgment interest; and

11. Awarding IMO such other and further relief as the Court may deem just and proper.

DATED: August 12, 2015

Respectfully submitted,

**INTELLIGENT MEDICAL OBJECTS, INC.**

By _____

**PARTRIDGE & GARCIA P.C.**
Mark V.B. Partridge (mark@partridgegarcia.com)
Jordan A. Arnot (jarnot@partridgegarcia.com)
Colin T.J. O'Brien (colin@partridgegarcia.com)
321 North Clark Street, Suite 720
Chicago, Illinois 60654
Tel: (312) 634-9500
Fax: (312) 275-7503

*Attorneys for the Plaintiff*
*Intelligent Medical Objects, Inc.*